In the Matter of JOSEPH A. KRUPSKI, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, November 23, 1970.

*Allen I. Sak* for petitioner.

*Joseph A. Krupski*, respondent in person.

*Per Curiam.* In this proceeding to discipline an attorney, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues herein were referred for hearing and report,

Originally, the petition set forth six charges of professional misconduct against the respondent arising from complaints made by former clients of the respondent. At the hearing before Justice SULLIVAN, two of the charges were withdrawn by the petitioner. Only the remaining four charges are described below.

One of the charges was that, *inter alia,* the respondent had (1) represented adverse conflicting interests at the same time without full and frank disclosure to any of the parties involved, (2) promoted and acquired an interest in litigation contemplated or in being at such time and (3) delayed or failed to proceed expeditiously with litigation.

In a second charge it was alleged that the respondent's client had loaned him $30,000 upon his promise to give her a bond secured by a mortgage on certain property owned by him; that he delivered a bond to the client but not the mortgage; and that, thereafter, the respondent defaulted in the payments owed to the client and ultimately she obtained a judgment against him in the amount of $18,862.86.

A third charge alleged that the respondent, who had been named executor in a will, unreasonably delayed the probate of the will and failed to account for or pay over funds which he had received in such fiduciary capacity.

The final charge was that the respondent induced his client to entrust him with approximately $12,500, representing one half of the proceeds of the sale of certain real property; that he used the money to pay his own debts; and that the respondent issued a personal check to the client for an additional $6,101 of the purchase price, which check was unpaid because of " insufficient funds ".

The petition further alleged that the respondent failed to be fair and candid with the petitioner's Grievance Committee in its investigation with respect to two of the charges.

Mr. Justice SULLIVAN found that all four charges were supported by the evidence. In our opinion, the findings are fully sustained by the proofs.

The charges as sustained against the respondent constitute serious professional misconduct. His behavior demonstrates a pattern of consistent misconduct and, in our opinion, he is unfit to be a member of the Bar.

The petitioner's motion should be granted and the report confirmed. The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and LATHAM, JJ., concur.

Motion granted and the report is confirmed. Respondent is adjudged guilty of serious professional misconduct; he is disbarred; and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.